**JUDGE KARAS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------



IVETTE MIRANDA,

Docket No. 07 CV 1269

                    Plaintiff,    **COMPLAINT AND JURY DEMAND**

      -against-

THE CITY OF NEW YORK, KINGS COUNTY
DISTRICT ATTORNEY CHARLES J. HYNES, NEW
YORK CITY POLICE COMMISSIONER RAYMOND
W. KELLY, KINGS COUNTY ASSISTANT DISTRICT
ATTORNEY MELISSA FRANCO, KINGS COUNTY
DISTRICT ATTORNEY EDWIN RAMOS, JOHN DOE
NEW YORK STATE COURT OFFICERS ##1-4, JOHN
DOE POLICE OFFICERS OF WARRANT SQUAD ##1-
2,

                    Defendants.

-----------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 USC §1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a January 13, 2006 incident in which Assistant District Attorneys ("ADA's") and New York State Court Officers, acting under color of state law, intentionally and willfully subjected plaintiff to, inter alia, false arrest, assault and battery.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the

Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims is asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

7. Plaintiff filed written Notice of Claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## JOINT LIABILITY

8. This action falls within one or more of the exceptions set forth in CPLR 1602.

## PARTIES

9. Plaintiff is a citizen of the United States and at all times here relevant resided in the County of Kings, City and State of New York.

10. The City of New York is a municipal corporation organized under the laws of the State of New York.

11. New York Police Commissioner Raymond Kelly ("the Commissioner") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendant officers. The Commissioner is sued in his individual and official capacities.

12. Kings County District Attorney Charles J. Hynes ("the District Attorney") was at all times here relevant the District Attorney of the Kings County District Attorney's Office ("DA's Office"), and, as such, was a policy maker with respect to training, supervision, and discipline of Assistant District Attorneys, including the individual defendant Assistant District Attorneys. The District Attorney is sued in his individual and official capacities.

13. The individual defendants are members of the NYPD or the D.A.'s office, and are sued in their individual and official capacities.

14. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

15. On January 13, 2006, plaintiff went to the Kings County Grand Jury to testify on a felony case.

16. While waiting to be called, defendant ADAs caused defendant court officers to arrest plaintiff on a bench warrant. No belief could be reasonably formed that plaintiff was the subject of the warrant, and thus there was no probable cause for the arrest.

17. Plaintiff was brought to court in New York County, where a judge ordered her release.

18. At all times during the events described above, the defendant district attorneys, court officers and police officers were engaged in a joint venture. They formed an agreement to arrest plaintiff without probable cause to believe she was the subject of a bench warrant, and did in fact arrest her, causing her to suffer violations of her constitutional rights to be free from unreasonable searches and seizures. The individual officers assisted each other in performing the

3

various actions described and lent their physical presence and support and the authority of their office to each other during said events. In addition, they failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

20. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

    a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of her person;

    b. Violation of her New York State constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    c. Violation of her right to Due Process of Law under the 14th Amendments to the United Stated Constitution;

    d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

    e. Physical pain and suffering, requiring the expenditure of money for treatment;

    f. Psychological suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, financial loss, and property damage;

    g. Loss of liberty;

### FIRST CAUSE OF ACTION
### (ASSAULT)

21. The preceding paragraphs are here incorporated by reference.

22. Upon approaching plaintiff, and arresting her, defendants made plaintiff fear for her physical well-being and safety and placed her in apprehension of immediate harmful and/or offensive touching.

23. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

24. Plaintiff was damaged by defendants' assault.

### SECOND CAUSE OF ACTION
### (BATTERY)

25. The preceding paragraphs are here incorporated by reference.

26. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered her.

27. Defendants used excessive and unnecessary force with plaintiff.

28. Defendants have deprived plaintiff of her civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

29. Plaintiff was damaged by the battery.

### THIRD CAUSE OF ACTION
### (FALSE ARREST)

30. The preceding paragraphs one through 30 are here incorporated by reference.

31. Defendants subjected plaintiff to unlawful detention and deprivation of liberty without probable cause or lawful justification.

32. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive her of such rights and are liable to plaintiffs under 42 USC §1983 and the New York State Constitution.

33. As a result of the false arrest and deprivation of liberty, plaintiff was damaged.

## FOURTH CAUSE OF ACTION
### (NEGLIGENCE)

34. The preceding paragraphs are here incorporated by reference.

35. Defendants owed plaintiff a duty to use reasonable care to ensure that she was not subjected to the foreseeable harm of arresting her under a bench warrant that did not apply to her.

36. Defendants breached that duty by failing to take reasonable measures to ensure she was not wrongfully arrested under a bench warrant, causing injury.

37. Defendants have deprived plaintiff of his civil, constitutional, statutory and common law rights and are liable to plaintiff under 42 USC §1983, the New York State Constitution and common law.

38. Plaintiff was damaged by the defendants' negligence.

## FIFTH CAUSE OF ACTION
### (MALICIOUS PROSECUTION)

39. The preceding paragraphs are here incorporated by reference.

40. Defendants, acting with malice, initiated a prosecution against plaintiff and caused him to be prosecuted.

41. The criminal proceedings were terminated favorably to defendant.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983, New York State common law, and the New York State Constitution.

43. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### SIXTH CAUSE OF ACTION
### (CONSTITUTIONAL TORT)

44. All preceding paragraphs are here incorporated by reference.

45. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

46. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

### SEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

47. The preceding paragraphs are here incorporated by reference.

48. Defendants' intentional tortuous acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

49. As a result of defendants' tortuous conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

### EIGHTH CAUSE OF ACTION
### (MUNICIPAL LIABILITY)

50. The preceding paragraphs are here incorporated by reference.

51. The City, the District Attorney, and the Commissioner, are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants and the others whose names are currently unknown.

52. The City, the District Attorney, and the Commissioner knew or should have

7

known of their employees', agents, or servants' propensity to engage in the illegal and wrongful acts detailed above.

53. The aforesaid event was not an isolated incident. The City, the District Attorney, and the Commissioner have been aware for some time (from lawsuits, notices of claim and civilian complaints) that assistant district attorneys and police officers are insufficiently trained in avoiding the wrongful arrest of a person under a warrant who is not the subject of that warrant. The City, the District Attorney, and the Commissioner totally fail to discipline ADAs for causing the arrest of an innocent person under warrants, so that ADAs feel free to engage in such wrongful conduct knowing that it will have no adverse consequences for their careers. Additionally, the Kings County District Attorney's Office does not follow up on the proceedings relating to the warrant, and does nothing to discipline the assistant district attorney if the person arrested is found not to be the subject of the warrant. Furthermore, the Commissioner and the District Attorney isolate their offices from civil lawsuits, so that officers and assistant district attorneys are never trained or disciplined based on the allegations made in civil lawsuits, regardless of their outcome. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate the plaintiff's civil rights, without fear of reprisal.

54. The City, the District Attorney, and the Commissioner knew or should have known that the officers and assistant district attorneys who caused plaintiff injury had a propensity for the type of conduct that took place in this case. Nevertheless, the City, the District Attorney, and the Commissioner failed to take corrective action.

55. The City, the District Attorney, and the Commissioner have failed to take the

steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

56. The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of New York City, the Commissioner, and the District Attorney to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

57. Defendants the City, the District Attorney, and the Commissioner have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

58. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, the District Attorney, and the Commissioner.

### NINTH CAUSE OF ACTION
(42 USC § 1983)

59. The preceding paragraphs are here incorporated by reference.

60. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and have conspired to deprive her of such rights and are liable to plaintiff under 42 USC § 1983 and the New York State Constitution.

61. Defendants' conduct deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Defendants' conduct also deprived plaintiff of her right to due process of law, pursuant to the Fourteenth Amendment of the United States Constitution.

62. Plaintiff has been damaged as a result of defendants' wrongful acts.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally,

as follows:

    A.    In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

    B.    Awarding plaintiff punitive damages in an amount to be determined by a jury;

    C.    Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:     Brooklyn, New York
           February 19, 2007

TO:    New York City                              Yours, etc.,
       Corporation Counsel Office
       100 Church Street, 4th floor               /s/ Leo Glickman
       New York, NY  10007
                                                  LEO GLICKMAN, ESQ.
                                                  Bar #LG3644
       Police Commissioner Raymond W.             Attorney for Plaintiff
       Kelly                                      71 Nevins Street
       1 Police Plaza                             Brooklyn, NY  11217
       Room 1406                                  (718) 852-0507
       New York, NY 10006                         lglickman@earthlink.net

       Kings County D.A. Charles J.
       Hynes
       350 Jay Street
       Brooklyn, NY 11201

       A.D.A. Melissa Franco
       Office of the District Attorney's
       Office, Kings County
       350 Jay Street
       Brooklyn, NY 11201

       A.D.A. Edwin Ramos
       Office of the District Attorney's
       Office, Kings County
       350 Jay Street
       Brooklyn, NY 11201

       John Doe Correction Officers
       c/o Office of the Attorney General
       of the State of New York
       120 Broadway
       New York, NY 10271